### HUDSON v. A. C. L. RY. CO.

#### (116 S. E., 926)

1. TRIAL—DIRECTION OF VERDICT.—Under the facts and circumstances of this case the Circuit Judge was correct in refusing to direct a verdict for the defendant.

2. NEGLIGENCE.—Some act of negligence as alleged must be proven, but this negligence may be shown by a number of facts and circumstances, which taken together establish the act of negligence charged.

Before BOWMAN, J., Richland.    Affirmed.

Action by Lottie D. Hudson as administratrix of the estate of Melnotte Hudson, deceased, against Atlantic Coast Line Railroad Co.    Judgment for plaintiff and defendant appeals.

The facts of the case briefly stated were as follows:

Plaintiff's intestate was a flagman employed by the defendant in interstate commerce, and met his death about four o'clock in the morning in the railroad yards at Wadesboro, N. C.    There were four parallel tracks at the point of the accident.    This train was being made up on the main line.    The next track was the new pass track, then the old pass track, and then the overload track.    The conductor of the freight crew, of which the deceased was a member, testified that after making up the train preparatory to its return trip to Florence he discovered an embargoed car next to the cab, and in preparing to set it out on the overload track he also discovered that the fifth or sixth car from the cab had a defective draw-head.    It was necessary to set this car out before the embargoed car could be shifted.    So the two engines which were attached to this train of about twenty-five cars pulled a string of nineteen cars, the last of which was the defective car above referred to, down to a switch and shifted the defective car on to the overload track. The next movement was to return to the main line with the eighteen cars, in order to connect up again with the five or six cars left standing there, so that the embargoed car next to the cab could be uncoupled therefrom and also set out on the overload track.    When the cars had drawn away about fifty feet from the defective car on the overload track, Conductor Straughn directed Hudson to go back to the

overload track and get the number of the defective car which he had set aside. The eighteen cars proceeded to the main line and backed down to connect again with the six stationary cars; the last of which was the cab. As soon as this coupling was made the negro brakeman on the ground, who had been instructed to cut off the cab, went to the point of coupling between the embargoed car and the cab and there discovered the dead body of Hudson under the rear right wheels of the front pair of trucks on the cab with his head lying toward the engine.

*Mr. Douglas McKay,* for appellant, cites: *Case is under Federal Employers Liability Act:* 247 U. S., 367; 241 U. S., 333; 179 U. S., 658; 166 U. S., 617; 103 S. C., 102. *Signals not required in yards where shifting is common:* 145 U. S., 418; 200 Fed., 359; 288 Fed., 322; 276 Fed., 187; 266 Fed., 336; 90 S. E., 772. *Nor is lookout required:* 270 Fed., 758; 102 S. C., 488. *No duty to anticipate that deceased would unnecessarily put himself in place of danger:* 96 S. C., 228; 61 S. E., 657; 270 Fed., 758; 266 Fed., 336; 179 U. S., 658; 42 S. E., 82; 102 S. C., 488; 55 S. C., 483. *And had a right to assume that he would get out of the way:* 94 S. C., 143; 98 S. C., 492; 82 S. E.. 326; 33 Cyc., 766; 67 S. E., 30. *Left safe place and went into dangerous one:* 106 S. E., 505. *Assumption of risk:* 240 U. S., 444; 67 S. E., 30; 81 S. C., 348; 245 U. S., 441; 105 S. E., 746; 241 U. S., 229; 90 S. E., 772; No emergency as in 81 S. C., 522.

*Messrs. E. J. Best, A. F. Spigner, E. W. Mullins* and *Lyles, Daniel & Drummond,* for respondent, cite: *Servant killed in performance of duties was exercising due care:* 100 S. W., 821; 127 Ga., 330; 89 Pac., 624; 101 U. S., 267; 163 U. S., 186. *Negligence may be proven by circumstances:* 98 S. C., 348; Greenl., Ev., Sec. 51a; 191 U. S., 64. *No assumption of risk:* 232 U. S., 102; 102 S. C., 409; 107 S. C., 96; 236 Fed., 1; 241 U. S., 310.

January 5, 1923.

The opinion of the Court was delivered by Mr. Justice Watts.

Respondent obtained a judgment for $10,000 before Judge Bowman and a jury in the Court of Common Pleas for Richland County, in December, 1921, for the alleged wrongful death of plaintiff's intestate, a flagman employed by defendant in interstate commerce. After entry of judgment, defendant appeals, and by two exceptions alleges error in not directing a verdict as asked for by the defendant at the trial in the Circuit Court. The exceptions are overruled. Counsel for appellant conceded in his argument before this Court that there was no presumption of negligence on the part of the deceased at the time of his death. His Honor committed no error in refusing to direct a verdict as asked for, but did right in submitting the case to the jury, under *Thornton v. Railway Company,* 98 S. C., 348; 82 S. E., 433. The facts and circumstances in this case are even stronger than in the *Thornton Case, supra.* Judgment affirmed.

Mr. Chief Justice Gary and Messrs. Justices Fraser, Cothran, and Marion concur.